UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: _____

JERRY GRYNSPAN,

        Plaintiff,

v.

BANK OF AMERICA,

        Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Bank of America, N.A. ("BANA"),[1] hereby removes the above-titled action currently pending the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("State Court"), to the United States District Court for the Southern District of Florida, West Palm Beach Division.  In support of this Notice of Removal, and to provide a short and plain statement of the grounds for removal, BANA states as follows:

## I.     BACKGROUND AND PROCEDURAL POSTURE

1.     Plaintiff Jerry Grynspan ("Plaintiff") filed the Complaint ("Complaint") against BANA in the State Court on August 5, 2024, in a case styled as *Jerry Grynspan v. Bank of America*, Case No. 2024-CA-007297 ("State Court Action").  True and correct copies of all process, pleadings, and orders served on BANA in the State Court Action are attached hereto as **Composite Exhibit A**.

---

[1] BANA was improperly named "Bank of America" in the Complaint.  BANA owns and services the credit card account at issue in the Complaint.  Thus, BANA is the proper Defendant.

2.     On August 23, 2024, BANA was served with the Summons and Complaint.  Thus, this Notice of Removal is timely filed with this Court within thirty (30) days of service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .").

3.     Removal is based diversity jurisdiction under 28 U.S.C. § 1332 because (i) Plaintiff, a citizen of the State of Florida, and BANA, a citizen of the State of North Carolina, are completely diverse, and (ii) the allegations in the Complaint establish that amount in controversy exceeds $75,000.  Additionally, removal is based on federal question jurisdiction under 28 U.S.C. § 1331, because the Complaint alleges a cause of action for purported violations of the Fair Credit Billing Act, 15 U.S.C. § 1681 *et seq.* ("FCBA"), and/or the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), both federal statutes.  Moreover, the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the purported state law claims asserted against BANA for (i) negligence, (ii) breach of contract, (iii) fraud, and (iv) emotional distress, as these claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

4.     In accordance with 28 U.S.C. § 1446(d), Defendant BANA has contemporaneously filed in the State Court Action a Notice of Filing Notice of Removal and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

5.     In accordance with 28 U.S.C. § 1446(d), BANA has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

6.      As required by 28 U.S.C. § 1441, BANA seeks to remove this case to the United States District Court for the Southern District of Florida, West Palm Beach Division, which is the proper venue for this action, because it is the federal district court that embraces the State Court where the State Court Action is pending.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c).

7.      In filing this Notice of Removal, BANA does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including but not limited to those set forth in Rule 12 of the Federal Rules of Civil Procedure.  No statement or omission in this Notice shall be deemed an admission of any of the allegations of or relief sought in the Complaint.

## II.      THE COURT HAS DIVERSITY JURISDICTION OF THIS MATTER

8.      The State Court Action may be removed to this Court if this Court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  This Court has original jurisdiction of matters where the citizenship of the plaintiff(s) is completely diverse from the citizenship of the defendant(s), and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

9.      Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction of this matter based the complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

### A.      BANA and Plaintiff Are Citizens of Different States and Completely Diverse

10.     There is complete diversity of citizenship between Plaintiff and BANA, as Plaintiff is a citizen of the State of Florida and BANA is a citizen of the State of North Carolina.  *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff be from the same state as any defendant); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (same); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (same).

3

### 1.    *Plaintiff is a Citizen of the State of Florida*

11.    For purposes of diversity jurisdiction, citizenship of natural persons is equivalent to their "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974); *Tyrone Hill Mentoring Kids Charitable Found. Corp. v. Franklin*, 1:21-cv-20149, 2021 WL 4272006, at *2 (S.D. Fla. Sept. 21, 2021).

12.    BANA is informed and believes that at all relevant times, Plaintiff was and is domiciled in, and is a citizen of, the State of Florida.  According to the Complaint, Plaintiff is a resident of Boynton Beach, Florida.  Compl. ¶ 5.  An individual is a citizen of the State in which he is domiciled and resides.  *Adderley v. Three Angels Broad. Network*, No. 18-23362-Civ-Scola, 2019 WL 7189887, at *2 (S.D. Fla. Dec. 26, 2019) ("[T]he state in which a person resides at any given time is also that person's domicile.").

13.    Here, Plaintiff alleges that he resides, and is thus domiciled, in Boynton Beach, Florida.  Compl. ¶ 5.  Thus, as alleged in the Complaint, Plaintiff is a citizen of the State of Florida for diversity jurisdiction purposes.

### 2.    *BANA is a Citizen of the State of North Carolina*

14.    For purposes of diversity jurisdiction, national banking associations are "deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  A national bank, for § 1348 purposes, "is a citizen of the State in which its main office . . . is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219-20 (2d Cir. 2016) (a national bank is a citizen only of the State in which its main office is located); *Norman v. Wells Fargo Bank, N.A.*, No. 0:23-CV-60645-RS, 2023 WL 10672908, at *2 (S.D. Fla. June 23, 2023) ("the location where a national banking association maintains its main office is its exclusive place of citizenship.").

15.     BANA is a national banking association organized under the laws of the United States with its main office located in North Carolina.  At all times material to this action, BANA has maintained its "main office" in Charlotte, North Carolina.  *See Stern v. Bank of America Corp.*, No. 2:15-cv-153-FtM-29CM, 2015 WL 3440419, at \*1 n.2 (M.D. Fla. May 28, 2015) ("Bank of America, N.A. is a national banking association with its main office in North Carolina"); *see also* Office of the Comptroller of the Currency List of National Banks Active as of August 31, 2021, available at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.  Thus, BANA is a citizen of the State of North Carolina for diversity jurisdiction purposes.

**B.     The Amount in Controversy Exceeds $75,000**

16.     Although BANA denies that Plaintiff is entitled to any relief, the allegations in the Complaint clearly place more than $75,000 in controversy, exclusive of interest and costs.

17.     Plaintiff alleges that he is seeking "damages . . . not less than one **million dollars**." Doc. 1 at p.6 (relief sought) (emphasis in original).  Thus, the requisite amount in controversy of $75,000.00 is evident on the face of the Complaint.  *See Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236 (S.D. Fla. 2011) (finding amount in controversy met where requisite amount evident on the face of the complaint); *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1343–44 (M.D. Fla. 2020) ("In determining the amount in controversy, the relevant question is whether the plaintiff *seeks* damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages.") (emphasis added).

18.     For the foregoing reasons and authorities, removal to this Court is appropriate because this Court has diversity jurisdiction of this matter, as the parties are completely diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

III.   **THE COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION OF THIS MATTER**

19.     Removal is also proper under 28 U.S.C. § 1441 as this Court has original jurisdiction of this matter because it asserts a "civil action[] arising under the Constitution, laws, or treaties of the United States" and Plaintiff's state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. §§ 1331, 1367(a).

A.     **The Complaint Arises Under the Laws of the United States**

20.     Plaintiff's five-count Complaint alleges a cause of action under two federal statutes: the FCBA and the EFTA.  *See* Compl. at ¶¶ 13–15.

21.     Because the FCBA and EFTA are federal statutes, and Plaintiff's claims arise under these federal statutes, this Court may exercise federal question jurisdiction over this claim.  *See, e.g.*, *Beautyman v. Lilyandmajor, LLC*, No. 20-81290-CV, 2020 WL 9075910, at *4 (S.D. Fla. Dec. 29, 2020) (exercising federal question jurisdiction over FCBA claims); *Rallis v. First Gulf Bank, N.A.*, No. 3:08CV102/MCR, 2008 WL 4724745, at *1 n.1 (N.D. Fla. Oct. 24, 2008) ("The court is satisfied that removal is proper and that jurisdiction lies [for EFTA and state law claim]."); *Katz v. JP Morgan Chase, N.A.*, No. 9:14-CV-80820, 2015 WL 11251764, at *1 (S.D. Fla. Feb. 10, 2015) ("Chase removed the case [including EFTA claim] to this Court based on federal question jurisdiction.").

22.     Therefore, this Court has jurisdiction of the EFTA/FCBA claim under 28 U.S.C. § 1331, and removal to this Court is proper under 28 U.S.C. § 1441(a).

B.     **The State Law Claims Are Part of the Same Case or Controversy**

23.     In addition to the claims arising under federal law, the Complaint alleges state law causes of action for (i) negligence, (ii) breach of contract, (iii) fraud, and (iv) emotional distress

("State Law Claims"). *See* Compl. at ¶¶ 8–12; 16–20. Similar to the EFTA/FCBA claim, the State Law Claims arise out of the purportedly unauthorized and fraudulent transactions on Plaintiff's BANA account, as well as failure to refund such charges. Compl. at ¶¶ 1–2, 6–7.

24.     Plaintiff's EFTA/FCBA claim, of which this Court has federal question jurisdiction as set forth above, depends on BANA's alleged "refusal to refund the fraudulent charges" and the "unauthorized transactions" on Plaintiff's BANA account. *See* Compl. at ¶ 13–14.

25.     The State Law Claims depend on the same alleged conduct and operative facts as the EFTA/FCBA claim. Specifically, Plaintiff's negligence claim alleges that BANA "fail[ed] to implement adequate security measures and respond appropriately to the reported fraud." Compl. at ¶ 9. Plaintiff's breach of contract claim alleges that BANA breached a contract by "failing to prevent unauthorized transactions and not refunding the fraudulent charges." Compl. at ¶ 11. Plaintiff's fraud claim alleges that BANA "acted fraudulently by misrepresenting the security and handling of Plaintiff's account." Compl. at ¶ 16. Finally, Plaintiff's emotional distress claim alleges that Plaintiff "has experienced sever emotional distress as a result of the unauthorized transactions and [BANA]'s inadequate response." Compl. at ¶ 18.

26.     This Court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1331(a). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

27.     Here, because the State Law Claims arise out of the same operative facts (i.e., the purportedly unauthorized/fraudulent charges and BANA's investigation thereof and response

thereto), this Court may properly exercise supplemental jurisdiction over the State Law Claims under 28 U.S.C. § 1367.

28.     For the foregoing reasons and authorities, removal to this Court is appropriate because this Court has federal question and supplemental jurisdiction of this matter, as Complaint alleges a cause of action arising under two federal statutes, and the State Law Claims arise out of the same operative facts as the cause of action arising under federal law.  *See* 28 U.S.C. §§ 1331, 1367.

## IV.     CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Defendant Bank of America, N.A., removes the above-captioned action now pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division, and requests that said District Court assume exclusive jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: September 23, 2024                    Respectfully Submitted,

**MCGUIREWOODS LLP**

By: */s/ Jason R. Bowyer*
Jason R. Bowyer, Esq.
Florida Bar No. 693731
Primary Email:  jbowyer@mcguirewoods.com
Secondary Email:  fladmin@mcguirewoods.com
Jackson M. Story, Esq.
Florida Bar No. 1032001
Primary Email:  jstory@mcguirewoods.com
Secondary Email:  flservice@mcguirewoods.com
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200 / (904) 798-3207 (fax)

*Attorneys for Defendant Bank of America, N.A.*

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT ON September 23, 2024, a true and correct copy of the foregoing document was served via U.S. Mail on the following:

**<u>VIA U.S. Mail</u>**

Jerry Grynspan
6658 Jog Palm Drive
Boynton Beach, FL 33437
*Pro Se Plaintiff*

*/s/ Jason R. Bowyer*
Attorney
